**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Douglas J. Osinski,<br><br>   Debtor. | Case No. 25-15986 MER<br><br>Chapter 7 |
| Jonathan and Eona Matthes,<br><br>   Plaintiffs,<br><br>v.<br><br>Douglas J. Osinski,<br><br>   Defendant. | Adversary No. 26-1022 MER |

## ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AND HOLDING ADVERSARY PROCEEDING IN ABEYANCE

THIS MATTER comes before the Court on the Motion to Dismiss the Second Claim for Relief Brought Under [sic] U.S.C. 523(a)(19) ("**Motion**") filed by the Debtor-Defendant, Douglas Osinski, the Response filed by Plaintiffs, Johathan and Eona Matthes, and the Debtor's Reply.[1]

### BACKGROUND

According to the facts alleged in Plaintiffs' Complaint, which the Court assumes to be true for purposes of deciding the Motion, the Debtor previously acted as the Plaintiffs' real estate agent. The Debtor later persuaded the Plaintiffs to invest funds in an entity he owned called Picasso Homes LLC ("**Picasso**"). The Debtor told Plaintiffs that Picasso would use the funds to purchase vacant lots, build spec homes on those lots, and then sell the homes with a potential profit to Plaintiffs. Plaintiff Jon Mattes signed a loan agreement, pursuant to which he loaned the Debtor and Picasso $300,000 for building "Four (4) New Spec Homes."[2] It is unclear from Plaintiffs' Complaint exactly which spec homes were built and sold.[3] It is also unclear whether

---

[1] ECF Nos. 9, 11, 18.

[2] ECF No. 1, Complaint, Ex. 1.

[3] The Complaint states that Debtor used Plaintiffs' funds to purchase 5465 Remuda Ranch, that Debtor built a home on 5465 Remuda Ranch and was under contract to sell that property for $2.2 million but also

1

Plaintiffs received any repayment of the loan or any return on the money they gave to the Debtor and Picasso. However, the Court presumes they did not, as they allege damages in the amount of $478,879. They contend this debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and 523(a)(19). The Debtor's Motion seeks dismissal of the § 523(a)(19) claim.

## DISCUSSION

### A.     Standard of Review

The Debtor's Motion does not state a legal basis for the relief sought, but the Court presumes he is moving for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Technically, the Debtor's Motion is impermissible because he filed his Answer prior to filing the Motion.[4] Nevertheless, the Court will treat the Motion as if it had been submitted as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) and will apply the same standard in evaluating Plaintiffs' claims.[5] In evaluating a motion under either rule, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the Plaintiffs, and draw all reasonable inferences in the Plaintiffs' favor.[6] Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] The critical question is, "assum[ing] the truth of all well-pleaded facts ... and draw[ing] all reasonable inferences therefrom in the light most favorable to the plaintiffs," whether the complaint "'raise[s] a right to relief above the speculative level.'"[8]

### B.     § 523(a)(19)

The Debtor seeks dismissal of Plaintiffs' claim under § 523(a)(19), which makes nondischargeable debts arising from securities law violations and fraud in connection with a purchase or sale of securities. It provides that a discharge under § 727 does not discharge a debt that:

---

states that 5465 Remuda Ranch remains vacant. *Id.* ¶¶ 40, 43, 57. The Complaint also refers to Plaintiffs' funds being used for 5840 Remuda Ranch and a building permit being issued for that property, but does not indicate if a house was built or sold. *Id.* ¶¶ 20, 43. The Complaint also confusingly defines the term "5465 Remuda Ranch" to mean 5840 Remuda Ranch, Lot 35 Remuda Ranch, Sedalia, CO. *Id.* ¶ 32.

[4] Fed. R. Civ. P. 12(b) (stating that a motion to dismiss under the rule "shall be made before pleading if further pleading is permitted").

[5] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002); *Swearingen v. Honeywell, Inc.*, 189 F.Supp.2d 1189, 1193 (D. Kan. 2002).

[6] *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014)

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *Dias v. City & County of Denver,* 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

2

(A) is for—
    (i) the violation of any of the Federal securities laws, ... any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
    (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
(B) results, before, on, or after the date on which the petition was filed, from
    (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
    (ii) any settlement agreement entered into by the debtor; or
    (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.[9]

There are essentially two requirements for a § 523(a)(19) claim: "First, the Plaintiffs must establish that the debt is for violation of securities laws or for fraud in connection with the purchase or sale of a security (the "**Subsection A requirement**"). In addition, the debt must be memorialized in a judicial or administrative order or settlement agreement (the "**Subsection B requirement**")."[10]

The Debtor argues Plaintiffs have failed to meet the Subsection B requirement because their Complaint fails to allege any order, judgment, or settlement agreement establishing that the Debtor owes them a debt for violation of securities law or for fraud in connection with the sale of a security. Instead, Plaintiffs appear to be asking this Court to enter a judgment establishing the Debtor's liability for securities fraud and the amount of the debt resulting from that liability. The Plaintiffs contend this is permissible under the statute, citing *In re Jafari*, 401 B.R. 494, 496 (Bankr. D. Colo. 2009). The *Jafari* case, however, concludes just the opposite.

In *Jafari*, the plaintiffs argued that amendments made to § 523(a)(19) by BAPCPA allow for bankruptcy courts to determine both liability and nondischargeability under that subsection. As originally enacted, § 523(a)(19) required a *pre*-bankruptcy judgment, order or settlement agreement memorializing liability for the debt as a condition of nondischargeability. The BAPCPA amendment added the words "before, on, or after the date on which the petition was filed" to Subsection B to eliminate the temporal requirement. The amendment led to a split of authority over whether bankruptcy courts have jurisdiction to adjudicate liability on a claim to satisfy the Subsection (B) requirement.[11] The *Jafari* court, after an analysis of the legislative history and other subsections of § 523, concluded that the liability determination under Subsection B must "occur *outside of the bankruptcy forum*, whether it occurs pre- or

---

[9] 11 U.S.C. § 523(a)(19).

[10] *Faris v. Jafari (In re Jafari)*, 401 B.R. 494, 496 (Bankr. D. Colo. 2009).

[11] *Id*. at 497; *In re Robben*, 562 B.R. 469, 478 (Bankr. D. Kan. 2017); *Pidock v. McCune (In re McCune)*, 2023 WL 2879278, at *10-11 (Bankr. D.N.M. April 10, 2023); 4 *Collier on Bankruptcy*, ¶ 523.27[2] (Richard Levin & Henry J. Sommer eds., 16th ed.) (noting split of authority).

post-bankruptcy.  Once liability has been imposed, then either a bankruptcy court or a non-bankruptcy court may determine the application of this nondischargeability statute."[12]

This Court previously addressed the same issue in the case of *In re James*.[13] The plaintiff in *James*, like in *Jafari*, argued a bankruptcy court could make both the liability and nondischargeability determinations under § 523(a)(19).  This Court addressed the split of authority on the issue.  It ultimately adopted the reasoning of *Jafari*, concluding that "[u]nder § 523(a)(19), this Court may determine the dischargeability of a debt for a securities violation, but a non-bankruptcy court must first determine liability on the alleged securities violation."[14]  Plaintiffs in this case have provided no basis for this Court to depart from its conclusion in *James*.  Because the Plaintiffs have not alleged facts showing they can meet the Subsection B requirement, their § 523(a)(19) claim necessarily fails as currently postured.  However, this failure does not necessarily entitle the Debtor to judgment in his favor.  Instead, the Court will give the Plaintiffs an opportunity to establish the Debtor's liability for securities fraud in a more appropriate forum.

## CONCLUSION

For all the reasons set forth above the Court hereby ORDERS as follows:

1. The Debtor's Motion is DENIED without prejudice.

2. This Adversary Proceeding shall be held in abeyance pending litigation in the appropriate forum regarding liability for the alleged securities violation and entry of a final judgment or order on the merits.  Plaintiffs are hereby granted leave to file an appropriate motion with this Court if they wish to proceed with the Adversary Proceeding on the remaining First Claim for Relief.

Dated: June 16, 2026.                              BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[12] *In re Jafari*, 401 B.R. at 499-500 (emphasis added).

[13] *Sundaram v. James (In re James)*, 2012 WL 4849618 (Bankr. D. Colo. Oct. 11, 2012).

[14] *Id*. at *4.